

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

May 2, 2008

**ECF SENTENCING SUBMISSION**
The Honorable Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

       Re:    United States v. Carlos Dejesus
              S1 07 Cr. 545 (SHS)

Dear Judge Stein:

      The Government writes with respect to the sentencing of Carlos Dejesus (the "defendant") and in response to the defendant's sentencing submission dated April 30, 2008 and received by the Government yesterday.

      As an initial matter, the parties agreed through a plea agreement that the applicable Guidelines range for the offense of conviction was 0 to 6 months' imprisonment and agreed that a sentence within this range would be reasonable. The Probation Department has come to the same conclusion, and recommended a sentence of 6 months, at the top of the range.

      The defendant was arrested on or about May 22, 2007 when he delivered approximately 500 grams of cocaine to a confidential informant (the "CI") that had been supplied by his co-defendant, Miguel Delo Santo.  There is no dispute that the defendant possessed and distributed this cocaine, but limited proof (other than the circumstances of the delivery itself) that he did so knowingly.  The defendant told one officer after his arrest that the person who had given him the cocaine lived in the apartment he had exited (PSR ¶ 12) but this statement does not definitively establish whether the defendant knew the substance was cocaine before he brought it to the car or whether he found out only after the police arrested him.  For that reason the Government accepted the defendant's plea to the misdemeanor offense of simple cocaine possession based on his admitted

cocaine use.

In sentencing the defendant on this misdemeanor offense, the Government submits that the misdemeanor Guideline range of 0-6 months is appropriate; the Government does not ask the Court to sentence the defendant as if he had been proven beyond a reasonable doubt to be a drug dealer. The circumstances of that days's events, as set forth in the PSR, are what they are. But the explanation the defendant offers of how it was he happened to deliver cocaine that day to the CI (sharing a meal of restaurant delivery, thinking he was delivering takeout to a family member of Delo Santo) is completely unsupported by anything in the PSR or any other evidence that has been offered to the Court and should not be treated as proven fact either.[1]

What the Court should strongly consider in sentencing – as it weighs heavily on the need for specific deterrence – is the defendant's complete failure to abide by the conditions of his pre-trial release and, in fact, his repeated commission of the very same offense to which he pled guilty – cocaine use. That the defendant immediately reverted to cocaine use after spending approximately three months in jail after his arrest before meeting the bail conditions (which were reduced on the Government's consent) suggests that even this period of incarceration had little deterrent effect. Pretrial Service's extensive efforts to encourage the defendant to take advantage of drug treatment were also unsuccessful, resulting in the defendant's recent remand.

Given all of these facts, the Government believes that a significant sentence within the Guidelines range (to be followed by supervised release) is warranted. With respect to defendant's argument relating to the minimum fine, the Government has not (since

---

[1] Defense counsel is correct that Delo Santo met with the Government and stated that the defendant did not knowingly possess cocaine, but the Government did not find Delo Santo to be credible. Delo Santo told the Government that the defendant had met Delo Santo on the street and wanted to borrow some pairs of pants, and had come up to his apartment. Delo Santo then gave the defendant a bag of food to bring down to the CI without telling the defendant that it contained cocaine. When the Government asked questions about this story Delo Santo became defensive and stated that he did not want to talk about it further.

receiving the defendant's letter yesterday) found precedent addressing the defendant's statutory argument. The Government concedes that the defendant is indigent and lacks ability to pay such a fine.

                                        Respectfully submitted,

                                        MICHAEL J. GARCIA
                                        United States Attorney

                          By:    _____
                                        Arlo Devlin-Brown
                                        Assistant U.S. Attorney
                                        (212) 637-2506

cc:    Steven Statsinger, Esq.